**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| HOLLY MCGOWN, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.: 1:13-cv-00748-RGA** |
| v. | ) |
| | ) **AMENDED COMPLAINT AND** |
| SILVERMAN & BORENSTEIN, PLLC, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| and | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| ADP, INC., | ) |
| | ) |
| Defendants | ) |

## AMENDED COMPLAINT

HOLLY MCGOWN ("Plaintiff"), by and though her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SILVERMAN & BORENSTEIN, PLLC and ADP, INC. ("Defendants"):

## INTRODUCTION

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §1692 *et seq.*; Delaware Common Law; and Colorado Common Law.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Additionally, 28 U.S.C. §1367 grants this court supplemental jurisdiction over all state law claims.

4. Defendant Silverman & Borenstein, PLLC conducts business in the State of Delaware, and therefore, personal jurisdiction is established.

5. Defendant ADP, Inc. conducts business in the State of Delaware, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as Defendants conduct business and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in Delmar, Delaware, 19940.

8. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant Silverman & Borenstein, PLLC ("SB") is a national debt

collection company with its principal office located at 13111 East Briarwood Avenue, Suite 340, Centennial, Colorado 80112.

10.   SB is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and attempted to collect a debt from Plaintiff.

11.   Defendant ADP, Inc. ("ADP") is a payroll processing company with its corporate headquarters located at 1 ADP Boulevard, Roseland, New Jersey 07068.

12.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.   At all relevant times, SB was attempting to collect an alleged consumer debt of another person.

14.   Upon information and belief, the alleged debt, originally owed to Capital One Bank (USA) N.A., arose out of transactions, which were primarily for personal, family, or household purposes.

15.   Plaintiff disputes owing the alleged debt.

16.   Plaintiff and her husband are the parents of five children, and are expecting another as of the date of this filing.

17.   Plaintiff's husband is unable to work due to disability, making

Plaintiff the sole wage earner, and to put food on the table and pay for prescriptions for her husband, every dollar is stretched and a strict budget is in place.

18. Money is so tight that without an entire paycheck, Plaintiff's bills cannot be paid.

19. Plaintiff's employer during the operative period relevant to this Complaint was Wal-Mart.

20. In an unrelated set of circumstances, on or about May 17, 2007, Capital One Bank (USA) N.A. obtained a judgment against an individual named Oscar P. Flores ("Oscar P. Flores" or "Flores"), totaling $4,397.81.

21. Defendant SB represented Capital One Bank (USA) N.A. in its attempts to collect the debt from referred to in paragraph 19, from Flores.

22. Plaintiff does not know an Oscar P. Flores and has absolutely no connection to that individual or any person by that name.

23. During the month of November 2012, SB applied for a Writ of Continuing Garnishment in the County Court of Denver County, Colorado.

24. On or about January 25, 2013, the Deputy Clerk of Denver County issued the Writ of Continuing Garnishment directed to "WAL-MART STORES Inc., 1675 Broadway Suite 1200, Denver, Colorado 80822," in connection with the aforementioned debt.

25. Thereafter, SB served the Writ of Garnishment served upon Wal-Mart.

26. In the Writ of Garnishment, SB provided Plaintiff's social security number, rather than the social security number for the individual Oscar P. Flores.

27. Prior to providing Plaintiff's social security number, SB had ample time to verify information listed on the Writ of Garnishment for the debt of Oscar P. Flores.

28. Upon information and belief, even a cursory investigation or web-based search of public records, would have alerted SB to the fact that the social security number it possessed did not belong to Oscar P. Flores.

29. Upon information and belief, the use of skip trace software or vendors, common in the debt collection industry, would have revealed that SB did not have the correct social security number for Oscar P. Flores.

30. Upon information and belief, SB's "client" provided certain collection based information, such as a social security number of the alleged debtor.

31. The inaccuracy of records of SB's client, if any, did not alter SB's independent obligation to verify the social security number of the garnishee before serving a wage garnishment.

32. Upon information and belief, SB did not conduct an appropriate

investigation to verify the social security number of the garnishee, Oscar P. Flores.

33. Upon information and belief, SB's "client" provided it with Plaintiff's place of employment, but that did not alter SB's obligation to verify the place of employment for Oscar P. Flores.

34. It was not reasonable for SB to rely on the information that its client provided.

35. Upon information and belief, SB possessed documents that revealed the social security number identified as that of Oscar P. Flores, in fact belonged to another.

36. SB was attempting to collect a judgment against a Hispanic male who resided in Colorado—but Plaintiff is a non-Hispanic female residing in Delaware.

37. At the time SB served Plaintiff's employer with the Writ of Garnishment, SB had information tending to show that the social security number it used on the Writ, did not belong to Flores.

38. Despite possessing information that it had the incorrect social security number, SB served Plaintiff's employer with Writ of Garnishment.

39. In garnishing the wrong person's wages, SB was not reasonable in relying on information provided by any third parties.

40. If SB relied on any information provided by third parties when it garnished the wrong person's wages, such reliance was unreasonable.

- 6 -

PLAINTIFF'S COMPLAINT

41. Upon receiving the Writ of Garnishment, Wal-Mart's payroll processing service, ADP, identified the social security number as belonging to Plaintiff, but processed the garnishment.

42. The Writ of Garnishment clearly identifies Oscar P. Flores as the defendant in the state court collection action.

43. Despite having information that Plaintiff was not the person liable on the state court judgment, ADP proceeded with processing the Writ of Garnishment against Plaintiff.

44. Thereafter, Plaintiff received her paystub and was shocked to see a notice of garnishment, when there was no judgment against her. Plaintiff immediately contacted ADP.

45. ADP identified the garnishment as being intended for Oscar P. Flores, and identified Plaintiff's home address as the address of the garnishee.

46. Plaintiff notified SB that she was not Oscar P. Flores, she did not share a social security number with him and that her social security number was used instead of his.

47. Despite this, on March 14, 2013, $232.84 was withheld from Plaintiff's paycheck as a result of the Writ of Garnishment that SB caused to be served on Plaintiff's employer. See Exhibit A, Plaintiff's Pay Statements.

48. As a result of Defendants' actions, each and together, Plaintiff's

wages were in fact garnished for a debt she did not owe and for a judgment that was not against her. Put another way, she was garnished for a judgment against Flores and for a debt that belonged to Flores.

49. Even after Plaintiff notified SB that it had incorrect information, her wages were still garnished.

50. Even after ADP had knowledge that Plaintiff was the wrong individual for the wage garnishment, it still processed the garnishment and/or processed it at the request of SB.

51. As a result of Defendants' actions, Plaintiff's funds were withheld for two weeks, with SB and ADP both disavowing responsibility.

## DEFENDANT SB VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

52. In its actions to collect a disputed debt, SB violated the FDCPA in one or more of the following ways:

### COUNT I

a. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, misleading representations or means in connection with the collection of any debt.

b. Section 1692e(2)(A) of the FDCPA prohibits debt collectors form making false representations of the character, amount, or legal status of any debt.

   c. Here, SB violated §§1692e and 1692e(2)(A) of the FDCPA by garnishing money from Plaintiff's paycheck for another person's debt.

## COUNT II

   a. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Section 1692f(1) prohibits a debt collectors from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

   c. Here, SB violated §§1692f and 1692f(1) of the FDPCA by garnishing money from Plaintiff's paycheck for another person's debt.

### DEFENDANT SB'S ABUSE OF PROCESS UNDER COLORADO COMMON LAW

53.   The above allegations are incorporated as if fully set forth hereafter:

## COUNT III

   a. SB's request to garnish Plaintiff's wages was devoid of factual support.

   b. The primary purpose of SB's request to garnish Plaintiff's wages was for the improper purpose of garnishing the wrong individual's

wages.

C. SB's request to garnish Plaintiff's wages harmed Plaintiff by denying her wages for a period of two weeks.

## DEFENDANT SB'S CONVERSION OF PLAINTIFF'S PROPERTY

54. The above allegations are incorporated as if fully ser forth hereafter:

## COUNT IV

a. SB's request to garnish Plaintiff's wages was a willful act that deprived Plaintiff of her right to access, possess and use her money.

b. Plaintiff made a reasonable demand for the surrender of her property, prior to the imposition of the garnishment.

c. Despite Plaintiff's demand, SB's actions caused Plaintiff's wages to be garnished for two weeks.

d. SB's exercised dominion and control over Plaintiff's property.

e. Plaintiff was damaged as a result of SB's conduct.

## DEFENDANT ADP'S CONVERSION OF PLAINTIFF'S PROPERTY

55. The above allegations are incorporated as if fully set forth hereafter:

## COUNT V

a. ADP's withholding of Plaintiff's wages was a willful act that deprived Plaintiff of her right to access, possess and use her

        money.

    b. Plaintiff made a reasonable demand for the surrender of her property, prior to the imposition of the garnishment.

    c. Despite Plaintiff's demand, ADP's actions caused Plaintiff's wages to be garnished for two weeks.

    d. ADP's exercised dominion and control over Plaintiff's property.

    e. Plaintiff was damaged as a result of ADP's conduct.

WHEREFORE, Plaintiff, HOLLY MCGOWN, respectfully prays for a judgment as follows:

    i. All actual, consequential, nominal and punitive damages;

    ii. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    iii. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    iv. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this

action.

                                RESPECTFULLY SUBMITTED,

                                KIMMEL & SILVERMAN, P.C.

Date: 05/20/2013            By: */s/ W. Christopher Componovo*
                                       W. Christopher Componovo
                                       Attorney ID #3234
                                       Kimmel & Silverman, P.C.
                                       Silverside Carr Executive Center
                                       Suite 118, 501 Silverside Road
                                       Wilmington, DE 19809
                                       Phone: (302) 791-9373
                                       Facsimile: (302) 791-9476