IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOLLY McGOWN, | : |
| Plaintiff | : Case No.: 13-cv-748-RGA/MPT |
| v. | : |
| SILVERMAN & BORENSTEIN, PLLC, and ADP, INC.. | : |
| Defendants | : |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

**A.   Procedural Background**

On April 29, 2013, Plaintiff Holly McGown ("McGown") filed suit against Silverman & Borenstein, PLLC, ("S&B") and ADP, Inc. ("ADP") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and both Delaware and Colorado common law.[1]  McGown amended her complaint on May 20, 2013 to correct ADP's name.[2] McGown again amended the complaint on July 23, 2013 to add New Jersey common law claims against ADP, while withdrawing her Delaware common law claims.[3]  Both S&B and ADP have filed motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6).[4]  This Report and Recommendation only addresses S&B's motion to dismiss.

---

[1] D.I. 1; D.I. 1 at ¶ 1; *see also* D.I. 3 (correcting defendant name from "Automatic Data Processing, Inc." to "ADP, Inc.").
[2] D.I. 3.
[3] D.I. 8.
[4] D.I. 13 (ADP's motion to dismiss dated September 27, 2013); D.I. 16 (S&B's motion to dismiss dated October 1, 2013).

1

B. **Factual Background**

McGown is a Delaware resident.[5] S&B is a professional limited liability company with its principal office in Colorado.[6] ADP is a payroll processor with its principal office in New Jersey.[7] S&B performed collection work for Capital One Bank (USA) N.A. ("Capital One") and obtained a judgment for Capital One against Oscar P. Flores ("Flores") on May 17, 2007.[8] S&B subsequently obtained a writ of garnishment against Flores which listed Flores by name as well as a social security number which turned out to be McGown's social security number.[9] The writ was then served upon Wal-mart who forwarded the writ to its payroll processor, ADP.[10] ADP matched the social security number on the writ to McGown's social security number and processed the garnishment, resulting in a $232.84 deduction from McGown's paycheck.[11]

C. **Legal Standard - Motion to Dismiss Under Rule 12(b)(6)**

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must also consider Rule 8(a)(2). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] As such, a plaintiff must plead sufficient facts to render the claim facially plausible.[13] The court is required to consider all material allegations of the complaint as true when evaluating a motion to dismiss

---

[5] D.I 8 ¶ 7.
[6] *Id.* at ¶ 9.
[7] *Id.* at ¶ 11.
[8] *Id.* at ¶ 21-22.
[9] *Id.* at ¶ 24-25, 27; D.I. 17 at 2.
[10] D.I. 8 ¶ 25, 42.
[11] *Id.* at ¶ 42, 48 (alleging a garnishment of McGown's paycheck on March 14, 2013).
[12] FED. R. CIV. P. 8(a)(2).
[13] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

under Rule 12(b)(6).[14]  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[15]  A motion to dismiss may be granted only if, after, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[16]

"Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when reviewing a motion to dismiss.[17]  In the event matters outside of the pleadings are considered, the court is required to consider the motion as a Rule 56 motion for summary judgment.[18]  However, a court may consider "matters incorporated by reference integral to the claim, items subject to judicial notice, matters of public record, and orders and items appearing in the record of the case" without converting the motion to dismiss to a motion for summary judgment.[19]  A plaintiff is entitled to notice and a fair opportunity to respond to evidence considered by the court, but where such notice was available, it is proper for the court to consider that evidence.[20]

---

[14] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[15] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).
[16] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).
[17] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 988 F.2d 1192, 1196 (3d Cir. 1993).
[18] FED. R. CIV. P. 12(d).
[19] *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).
[20] *Pension Benefit*, 998 F.2d at 1196-97 ("When a complaint relies on a document, however, the plaintiff is obviously on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.") (internal citations omitted).

### D.     Positions of the Parties

McGown alleges S&B violated the FDCPA under both §§ 1692e and 1692f.[21] McGown also alleges S&B violated Colorado common law via abuse of process and conversion.[22] Specifically, McGown contends S&B's garnishment of her wages to satisfy the debt of another constitutes "false, deceptive, misleading representations or means in connection with the collection of any debt,"[23] and likewise constitutes "unfair or unconscionable means to collect or attempt to collect any debt."[24] McGown claims she does not know Flores and has no connection to any individual matching his name.[25]

In its motion to dismiss, S&B contends: (1) McGown has not sufficiently alleged Flores' "debt" is covered by the FDCPA or that S&B is a "debt collector" for purposes of the FDCPA;[26] (2) McGown lacks standing under the FDCPA;[27] (3) McGown's FDCPA claims fail as a matter of law;[28] and (4) the court should decline to exercise supplemental jurisdiction over McGown's state law claims.[29]

---

[21] D.I. 8 ¶ 53.
[22] *Id.* at ¶ 55-56.
[23] *Id.* at ¶ 53; *see also* 15 U.S.C. § 1692e.
[24] D.I. 8 ¶ 53; *see also* 15 U.S.C. § 1692f.
[25] D.I. 8 ¶ 23.
[26] D.I 17 at 5-7.
[27] *Id.* at 8-9.
[28] *Id.* at 9-15.
[29] *Id.* at 15.

## II. ANALYSIS

### A. APPLICABILITY OF THE FDCPA

#### i. "Debt"

S&B contends McGown has failed to sufficiently allege the debt owed by Flores satisfies the FDCPA definition of "debt."[30] Instead, S&B characterizes McGown's allegations as conclusory and lacking factual support.[31] In addition, S&B argues the case record for the judgment against Flores, records of consumer credit cases in which it has been involved and its website may not be considered as they lie outside the complaint.[32] Even assuming *arguendo* these records may be considered, S&B contends these facts do not establish the "debt" is, in fact, governed by the FDCPA.[33]

McGown, however, counters S&B, as the debt collector, is privy to information concerning the basis of the underlying debt.[34] As a third party non-debtor, McGown is unable to publicly access information confirming the nature of the debt.[35] McGown, though, points out the underlying suit against Flores was an action against an individual and not a business.[36] Further, McGown cites a PACER search showing S&B involved in numerous cases of consumer credit litigation.[37] Lastly, McGown refers to S&B's disclosure from its website stating "[t]his firm is acting as a debt collector. This is

---

[30] *Id.* at 5.
[31] *Id.*
[32] D.I. 25 at 3.
[33] *Id.* at 3-4.
[34] D.I. 23 at 5.
[35] *Id.*
[36] *Id.* at 7.
[37] *Id.*; *Id.* Ex. B.

an attempt to collect a debt and any information obtained will be used for that purpose."[38]

The FDCPA applies only when a debt arises from a transaction where the subject of the transaction is "primarily for personal, family, or household purposes."[39] S&B is correct McGown does not provide factual support for the allegation the debt is covered by the FDCPA in her complaint; however, this failure is insufficient to foreclose allowing McGown to proceed with her claims on this basis. S&B's reliance on *Dokumaci v. MAF Collection Services*, is misplaced.[40] In *Dokumaci*, the court was concerned the alleged debt collector could not "evaluate whether Dokumaci has stated a claim under FDCPA."[41] Unlike the alleged debt collector in *Dokumaci*, S&B is uniquely positioned to evaluate the nature of the debt as it was the original debt collector for Capital One. Further, McGown's reliance on *Bodur v. Palisades Collection, LLC* is persuasive.[42] The *Bodur* plaintiff, like McGown, was not the debtor and had no access to information concerning the underlying debt, while the defendant was the debt collector and plaintiff below with all relevant information concerning the underlying debt.[43] In addition, Bodur presented information that the underlying debt was against an individual and the debt collector was a retail debt collector based on its webpage.[44] This was sufficient for the court to find Bodur had established the debt was for personal,

---

[38] *Id.* at 7;  Sblaw, http://www.sblawpllc.com (last accessed January 14, 2014).
[39] 15 U.S.C. § 1692a(5).
[40] No. 8:09-cv-02488-T-24-TGW, 2010 WL 2560024 (M.D. Fla. June 17, 2010).
[41] *Id.* at *2.
[42] 829 F.Supp. 2d 246 (S.D. N.Y. 2011).
[43] *Id.* at 257.
[44] *Id.*

Case 1:13-cv-00748-RGA   Document 29   Filed 02/03/14   Page 7 of 13 PageID #: 298

family or household purposes.[45]  Likewise, in the present case, McGown has produced evidence of public record showing the underlying debt action was filed against an individual,[46] S&B's past federal litigation has all involved consumer credit,[47] and a disclosure in compliance with 15 U.S.C. § 1692e(11) on S&B's website.[48]  Given this factual backdrop, McGown has sufficiently pled the "debt" is covered by the FDCPA to survive the motion to dismiss.

      **ii.   "Debt Collector"**

S&B contends McGown has failed to sufficiently plead it is a "debt collector".[49]  S&B characterizes her pleadings as conclusory and without a factual basis.[50]  Additionally, S&B argues *Dokumaci* requires McGown to plead S&B does not fall into any of the six exceptions to the term debt collector within the FDCPA.[51]

McGown counters S&B satisfies the definition of a debt collector because it attempted to collect a debt from her.[52]  Further, McGown asserts S&B engaged in other collection activities against others and for Capital One against Flores.[53]

The FDCPA applies only when the attempt to collect is made by a debt collector as defined by 15 U.S.C. § 1692a(6).  The statute defines a "debt collector" as "any person who . . . in any business the principal purpose of which is the collection of

---

[45] *Id.*
[46] D.I. 23 Ex. A.
[47] *Id.* at Ex. B.
[48] Silverman & Borenstein, http://sblawpllc.com/, last visited on 12/19/2013 (disclaiming "[t]his firm is acting as a debt collector.  This is an attempt to collect a debt an any information obtained will be used for that purpose.").
[49] D.I. 17 at 7.
[50] *Id.*
[51] *Id.*
[52] D.I. 23 at 8.
[53] *Id.*

7

any debts, or who regularly attempts to collect, directly, or indirectly, debts owed or due or asserted to be owed or due another."[54]  In the present case, S&B attempted to collect a debt—Flores' debt—from another—McGown.  While McGown conclusorily states S&B is a "debt collector" in her Complaint, she further details collection activities undertaken by S&B including collection activities for Capital One and actions taken to collect the debt from McGown.[55]  Although S&B's own website states it "is acting as a debt collector," the court may not take judicial notice given websites are not self-authenticating.[56]  However, McGown has pleaded specific facts to establish S&B is plausibly a debt collector for purposes of the FDCPA based on the allegations in this action and the PACER records.  S&B's reliance on *Dokumaci* is, again, misplaced.  *Dokumaci* did not require the plaintiff to plead with particularity that each exception does not apply, but to plead sufficient facts other than a threadbare recital the defendant was a debt collector.[57]  McGown has provided sufficient facts to establish S&B is plausibly a debt collector for purposes of the FDCPA to survive the motion to dismiss.

### B. Standing Under the FDCPA

S&B argues McGown may not bring her claim under the FDCPA, even if her complaint is well-pled, because she does not have standing.[58]  S&B contends McGown lacks standing because the FDCPA does not give a remedy to third parties, but only to

---

[54] 15 U.S.C. § 1692a(6).
[55] D.I. 8 at ¶ 21-27.
[56] Silverman & Borenstein, http://sblawpllc.com/, last visited on 12/19/2013; *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2010) (holding District Court should not take judicial notice of facts about a business based on information contained in a website at the motion to dismiss stage without authentication).
[57] *Dokumaci*, 2010 WL 2560024, at *1.
[58] *See* D.I. 17 at 8.

the consumer/debt-holder.[59] S&B cites a number of cases from other circuits to support its claim.[60] S&B purports McGown is not protected because she has no relation to Flores and is not the consumer/debt-holder.[61]

The FDCPA grants standing to "any person" who is harmed by unlawful debt collection practices.[62] The District of Delaware so affirmed in *Dutton v. Wolhar*.[63] *Dutton* consolidated two similar cases in which the plaintiffs were dunned by debt collectors attempting to collect the debts of their respective deceased parents.[64] In support of its rationale the court quoted the statute and legislative history.[65] The legislative history provides: "[t]his bill protects people who do not owe money at all . . . . [C]ollection effort [sic] are often aimed at the wrong person either because of mistaken identity or mistaken facts . . . . These people are also protected by this . . . bill."[66]

The *Dutton* court also found one plaintiff to fall under the FDCPA's definition of "consumer."[67] The FDCPA defines consumer as "any natural person obligated or allegedly obligated to pay any debt."[68] The *Dutton* court concluded the plaintiff was "allegedly obligated to pay" because the debt collectors had so demanded from the

---

[59] *See id.*
[60] *See id.* (citing *O'Rourke v. Palisades Acquisitions XVI, LLC,* 635 F.3d 938 (7th Cir. 2011) (stating, "[a]s a general matter, the [FDCPA] and its protections do not extend to third parties."); *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

[61] *See id.* at 9.
[62] *See* 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person.").
[63] 809 F. Supp. 1130, 1134 (D. Del. 1992).
[64] *See id.* at 1133.
[65] *See id.* (citing 15 U.S.C. § 1692k(a)).
[66] *Id.* (quoting H.R. Rep. No. 131, 95th Cong. 1st Sess. 8.)*.*
[67] *See id.*
[68] 15 U.S.C. § 1692a(3).

plaintiff.[69] As a result, the court determined the plaintiff had standing under the FDCPA on two grounds: under the definition of "consumer", and as any person harmed by unfair debt collection practices.[70]

McGown has standing because she pled S&B failed to comply with the FDCPA by garnishing her wages, thus rendering her both "any person" and a "consumer" for purposes of the FDCPA. McGown is, by default, any person and is a consumer because S&B attempted to collect a debt from her, albeit due to an alleged mistake. Thus, McGown has sufficient standing under the FDCPA to continue this action.

### C. FDCPA Claims as a Matter of Law

S&B argues McGown's FDCPA claims fail as a matter of law.[71] S&B first maintains the FDCPA is inapplicable given that its only collection activities with respect to McGown were conducted under Colorado garnishment law.[72] S&B next argues its collection activities did not constitute "false, deceptive, misleading representation" as required by 15 U.S.C. § 1692e.[73] Specifically, S&B points out it did not make representations directly to McGown.[74] S&B cites several cases for the proposition debt collectors should have access to judicial resources and are not responsible for errors by third parties.[75] Lastly, it argues § 1692f is inapplicable and does not create a cause of action under federal law where a state law claim exists.[76]

---

[69] *See Dutton,* 809 F. Supp. at 1134.
[70] *See id.*
[71] D.I. 17 at 9.
[72] *Id.* at 10.
[73] *Id.*
[74] *Id.* at 11.
[75] *Id.* at 11-14.
[76] *Id.* at 13.

McGown counters state law does not preempt FDCPA claims.[77] In addition, she contends the wrongful garnishment using her social security number is a false, deceptive or misleading statement under § 1692e.[78] McGown differentiates this matter from those cited by S&B based on the fact those cases involved errors by financial institutions whereas the error here was committed by S&B.[79] McGown argues her claim under § 1692f constitutes a claim under the FDCPA, and cites authority for federal law claims prevailing over state law claims.[80]

McGown correctly asserts she is not barred from asserting a FDCPA claim even when a state law claim exists.[81] Although S&B cites numerous cases that provide third party error may not be imputed to the debt collector, it is plausibly alleged the error—the mistaken social security number—was committed by S&B. Likewise, McGown's claims under § 1692f are sufficiently alleged since the conduct by S&B resulted in "the collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."[82] Thus, McGown's claims do not fail as a matter of law at this stage of the litigation, and S&B's motion to dismiss should be denied.

### D. Supplemental Jurisdiction

S&B requests the court decline supplemental jurisdiction over McGown's state law claims because the FDCPA claims fail, thus eliminating a basis for federal

---

[77] D.I. 23 at 13.
[78] *Id.* at 14.
[79] *Id.*
[80] *Id.* at 15-16.
[81] *See Allen ex rel. Martin v. LaSalle Bank*, 629 F.3d 364, 369 (3d Cir. 2011) (holding state litigation privilege does not render FDCPA claims invalid).
[82] 15 U.S.C. § 1692f(1).

jurisdiction.[83] However, given the FDCPA claims, as pled, are sufficient to overcome the motion to dismiss, the court should exercise supplemental jurisdiction over the state law claims. These claims are related to the FDCPA claims and are part of the same case or controversy.[84]

### III. CONCLUSION

S&B's motion to dismiss should denied. McGown has sufficiently pled that the "debt" and S&B as a "debt collector" fall within the purview of the FDCPA. Further, McGown does not lack standing and her claims, at this stage of the litigation, do not fail as a matter of law.

### IV. ORDER & RECOMMENDED DISPOSITION

For the reasons contained herein, the court recommends S&B's motion to dismiss (D.I. 16) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and Recommendation. The objections and response to the objections are limited to **five (5)** pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov to the extent not inconsistent with this Order.

---

[83] D.I. 17 at 15.
[84] See 28 U.S.C. § 1367(a) (providing for supplemental jurisdiction over state law claims relating to federal claims in the same case or controversy).

February 3, 2014                    /s/ Mary Pat Thynge
                                    UNITED STATES MAGISTRATE JUDGE