## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HOLLY McGOWN,                        :

        Plaintiff,               :       Case No.: 13-cv-748-RGA/MPT

        v.                       :

SILVERMAN & BORENSTEIN, PLLC,        :
and ADP, INC.,                       :

        Defendants.              :



## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

### A.    Procedural Background

On April 29, 2013, plaintiff Holly McGown ("McGown") filed suit against Silverman & Borenstein, PLLC, ("S&B") and ADP, Inc. ("ADP") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and both Delaware and Colorado common law.[1]  McGown amended the complaint on May 20, 2013 to correct ADP's name.[2]  McGown again amended her complaint on July 23, 2013 to add New Jersey common law claims against ADP, while withdrawing her Delaware common law claims.[3]  Both S&B and ADP filed motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6).[4]  This Report and Recommendation only addresses ADP's motion to dismiss.

---

[1] D.I. 1; *id.* at ¶ 1; *see also* D.I. 3 (correcting defendant name from "Automatic Data Processing, Inc." to "ADP, Inc.").
[2] D.I. 3.
[3] D.I. 8.
[4] D.I. 13 (ADP's motion to dismiss dated September 27, 2013); D.I. 16 (S&B's motion to dismiss dated October 1, 2013).

## B.    Factual Background

McGown is a Delaware resident.[5]  S&B is a professional limited liability company

with its principal office in Colorado.[6]  ADP is a payroll processor with its principal office

in New Jersey.[7]  S&B performed collection work for Capital One Bank (USA) N.A.

("Capital One") and obtained a judgment for Capital One against Oscar P. Flores

("Flores") on May 17, 2007.[8]  S&B subsequently obtained a writ of garnishment against

Flores which listed Flores by name as well social security number that turned out to be

McGown's social security number.[9]  The writ was then served upon Wal-Mart who

forwarded the writ to its payroll processor, ADP.[10]  ADP matched the social security

number on the writ to McGown's social security number and processed the

garnishment, resulting in a $232.84 deduction from McGown's paycheck.[11]  On March

11, 2013, prior to the deduction, McGown notified ADP of the incorrect information

contained in the writ.[12]  However, the garnishment was still processed and the money

was not returned to McGown by Wal-Mart until March 28, 2013.[13]

## C.    Legal Standard - Motion to Dismiss Under Rule 12(b)(6)

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must

also consider Rule 8(a)(2).  Rule 8(a)(2) requires "a short and plain statement of the

---

[5] D.I 8 at ¶ 7.

[6] *Id.* at ¶ 9.

[7] *Id.* at ¶ 11.

[8] *Id.* at ¶¶ 21-22.

[9] *Id.* at ¶¶ 24-25, 27; D.I. 17 at 2.

[10] D.I. 8 at ¶¶ 25, 42.

[11] *Id.* at ¶¶ 42, 48 (alleging a garnishment of McGown's paycheck on March 14, 2013).

[12] *Id.* at ¶ 45; D.I. 20 at ¶ 17.

[13] *See* D.I. 8 at ¶ 52; D.I. 13 at ¶ 21; D.I. 20 at ¶ 21.

2

claim showing that the pleader is entitled to relief."[14]  As such, a plaintiff must plead

sufficient facts to render the claim facially plausible.[15]  The court is required to consider

all material allegations of the complaint as true when evaluating a motion to dismiss

under Rule 12(b)(6).[16]  "'The issue is not whether a plaintiff will ultimately prevail, but

whether the claimant is entitled to offer evidence to support the claims.'"[17]  A motion to

dismiss may be granted only if, after, "accepting all well-pleaded allegations in the

complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is

not entitled to relief."[18]

　　"[C]ourts generally consider only the allegations contained in the complaint,

exhibits attached to the complaint and matters of public record" when reviewing a

motion to dismiss.[19]  In the event that matters outside of the pleadings are considered,

the court is required to consider the motion as a Rule 56 motion for summary

judgment.[20]  However, a court may consider "'matters incorporated by reference or

integral to the claim, items subject to judicial notice, matters of public record, and orders

[and] items appearing in the record of the case'" without converting the motion to

dismiss to a motion for summary judgment.[21]  A plaintiff is entitled to notice and a fair

---

[14] FED. R. CIV. P. 8(a)(2).

[15] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[16] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[17] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

[18] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

[19] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[20] FED. R. CIV. P. 12(d).

[21] *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (alteration in original) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice &*

3

opportunity to respond to evidence considered by the court, but where such notice was available, it is proper for the court to consider that evidence.[22]

### D.    Positions of the Parties

McGown alleges ADP violated the FDCPA under 15 U.S.C. § 1692f,[23] and New Jersey common law via conversion.[24]  Specifically, she contends by processing a garnishment of her wages, ADP's conduct constitutes "unfair or unconscionable means to collect or attempt to collect any debt," not expressly authorized by agreement or law, and thereby violates of both §§ 1692f and 1692f(1).[25]  The premise of her argument is that her wages were garnished to collect another person's debt—Flores' debt.[26]

In its motion to dismiss, ADP contends:  (1) McGown has not sufficiently alleged ADP is a "debt collector" and whether Flores' "debt" is covered by the FDCPA;[27] (2) her claims for conversion under Delaware or New Jersey state law fail as a matter of law;[28] and (3) she failed to assert recoverable damages from ADP.[29]

## II.    ANALYSIS

### A.    Applicability of the FDCPA

#### i.        "Debt Collector"

---

*Procedure* § 1357 (3d ed. 2004)).

[22] *Pension Benefit*, 998 F.2d at 1196-97 ("When a complaint relies on a document, however, the plaintiff is obviously on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.") (internal citations omitted).

[23] D.I. 8 at ¶ 54.

[24] *Id.* at ¶ 57.

[25] D.I. 8 at ¶ 54; *see also* 15 U.S.C. § 1692f.

[26] D.I. 8 at ¶ 54.

[27] D.I. 13 at 7-10.

[28] *Id.* at 10-12.

[29] *Id.* at 12-14.

4

ADP contends McGown failed to sufficiently plead it is a "debt collector,"[30] characterizing her pleadings as conclusory and without a factual basis.[31]  ADP instead characterizes itself as a payroll and data processor and asserts garnishments are not a regular occurrence in its business practice.[32]  Further, it points out the employer—in this case, Wal-Mart—actually deducts the garnishment and ADP never took possession or deprived McGown of her wages or interest in those wages.[33]

McGown counters ADP is the quintessential debt collector within the broad purview of the FDCPA because it regularly processes garnishments as evidenced by ADP having a separate department for such processing.[34]  She further argues the percentage of ADP's business committed to garnishments is irrelevant, and analogizes its conduct to a process server which would be subject to the FDCPA as a debt collector, except for a specific exemption.[35]  McGown also disputes ADP's contention that possession of her wages is required for application of the FDCPA.[36]

The FDCPA applies only when the attempt to collect is made by a debt collector as defined by 15 U.S.C. § 1692a(6).  The statute defines a "debt collector" as "any person who . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[37]  In the present case, ADP processed a

---

[30] D.I. 13 at ¶ 32.
[31] *Id.*
[32] *Id.* at ¶¶ 33-34.
[33] *Id.* at ¶¶ 34-35.
[34] D.I. 20 at ¶ 33 (citing to an alleged ADP website which claims "1 in 8 employees has at least one garnishment over his or her lifetime").
[35] *Id.* at ¶ 34.
[36] *Id.* at ¶ 35.
[37] 15 U.S.C. § 1692a(6).

garnishment delivered to it by Wal-Mart, received from S&B in an attempt to collect a debt. However, just as Wal-Mart is not a debt collector, its payroll and garnishment processor cannot be a debt collector.[38] While McGown argues ADP regularly processes garnishments, she is unable to cite authority for the proposition that processing a garnishment is collection activity. ADP correctly characterizes McGown's allegation it is a debt collector as conclusory and without factual support. Thus, ADP's motion to dismiss should be granted.

> ii.    "Debt"

ADP contends McGown failed to sufficiently allege the debt owed by Flores satisfies the FDCPA definition of "debt."[39] Instead, ADP characterizes McGown's allegations as conclusory and lacking factual support.[40]

McGown, however, counters S&B, as the debt collector, is privy to information concerning the basis of the underlying debt.[41] As a third party non-debtor, McGown is unable to publicly access information confirming the nature of the debt.[42] McGown, though, points out the underlying suit against Flores was an action against an individual and not a business.[43] She further argues S&B admits it collects consumer debts, and Flores is not associated with a business, precluding the possibility the underlying debt is

---

[38] The Third Circuit, in discussing the legislative history of the FDCPA, found an intent to apply the Act to "independent debt collectors." *F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007). Here, ADP was not acting as an independent debt collector attempting to collect the debt; it was the recipient of a writ of garnishment which it attempted to process.

[39] D.I. 13 at ¶ 36.
[40] *Id.*
[41] D.I. 20 at ¶ 36.
[42] *Id.*
[43] *Id.*

6

commercial in nature.[44]  McGown also refers to S&B's disclosure from its website acknowledging "[t]his firm is acting as a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose[]."[45]

The FDCPA applies only when a "debt" arises from a transaction where the subject of the transaction is "primarily for personal, family, or household purposes."[46] As discussed in the Report & Recommendation regarding S&B's motion to dismiss and incorporated herein by reference,[47] McGown has sufficiently pled the underlying debt is covered by the FDCPA.

### iii.   Authorized By Law Under § 1692f

ADP maintains even if McGown has sufficiently alleged it is a debt collector under the FDCPA, her complaint fails to support a reasonable inference that it violated the FDCPA.[48]  Specifically, ADP argues because it was permitted by law to process the garnishment, it is not subject to § 1692f.[49]  As a result, ADP contends McGown's remaining state claims must be dismissed as there is no federal jurisdiction.[50]

McGown counters the garnishment of her wages for the debt of another when she is not responsible for the debt is covered by the FDCPA.[51]  Because the writ was

---

[44] *Id.*

[45] *Id.*; Sblaw, http://www.sblawpllc.com (last accessed Feb. 7, 2014).

[46] 15 U.S.C. § 1692a(5).

[47] D.I. 29.

[48] D.I. 13 at ¶¶ 37-38.

[49] *Id.* at ¶ 38.

[50] *Id.* at ¶ 40 (pointing out McGown is a Delaware resident and ADP is a Delaware corporation and without a federal question there is no diversity to maintain jurisdiction in federal court).

[51] D.I. 20 at ¶ 37.

7

addressed to Flores, she argues ADP was not permitted by law to process the garnishment.[52]  McGown alleges ADP knew it was processing the garnishment against a non-debtor and inconsistent laws are pre-empted by the FDCPA.[53]  Thus, McGown maintains this court has jurisdiction over this matter.[54]

§ 1692f(1) provides an exception to its application when the collection "is expressly authorized by the agreement creating the debt or permitted by law."[55]  A garnishment is, by its nature, a court order.  Although ADP may have erred in its processing of the writ, the writ of garnishment still permitted ADP, under the law, to process the garnishment, and therefore, as a matter of law, McGown's claims under § 1692f fail.  Without federal question jurisdiction or diversity of parties, the court cannot exercise jurisdiction over the remaining state law claims.[56]

**B.    State Law Claim for Conversion**

ADP argues McGown's claims for conversion fail under both Delaware and New Jersey law.[57]  ADP posits it did not exercise rights of ownership over her wages as required by New Jersey conversion law.[58]  Instead, ADP insists it merely processed the garnishment for Wal-Mart.[59]  It points out the money did not belong to McGown at the

---

[52] *Id.* at ¶ 38.

[53] *Id.* at ¶ 39.

[54] *Id.* at ¶ 40.

[55] 15 U.S.C. § 1692f(1).

[56] *See* 15 U.S.C. § 1692k(d) (providing for federal court jurisdiction over FDCPA claims); *see also* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over state claims in a matter before the court on original jurisdiction).

[57] D.I. 13 at ¶¶ 41-43.

[58] *Id.* at ¶ 44.

[59] *Id.*

8

time of garnishment but, rather, to Wal-Mart.[60]  Thus, ADP maintains McGown has

failed to state a claim under New Jersey conversion law.[61]

McGown counters ADP intentionally exercised control over her wages, seriously

interfering with her control over the money.[62]  She argues ADP violated New Jersey

conversion law by wrongfully exercising control over her money which she had

earned.[63]

Although ADP discusses the application of Delaware law regarding conversion,

Delaware law is not at issue based on the second amended complaint, and the court

need not address the impact of Delaware law on McGown's claims.  Under New Jersey

law, conversion consists of "an unauthorized assumption and exercise of the right of

ownership over goods or personal chattels belonging to another, to the alteration of

their condition or the exclusion of an owner's rights."[64]  Control over money may satisfy

the requirements for conversion under New Jersey Law.  Therefore, at this stage,

McGown has pled a plausible claim for conversion under New Jersey law.[65]

**C.     Failure to Claim Recoverable Damages**

ADP contends McGown failed to allege any recoverable damages,[66] arising from

the two weeks in which she was deprived of her wages.[67]  ADP further notes it returned

the funds within twenty-four (24) hours after the garnishment, and loan interest on a

---

[60] *Id.* at ¶ 46.
[61] *Id.* at ¶ 43.
[62] D.I. 20 at ¶ 44.
[63] *Id.* at ¶¶ 43-45.
[64] *LaPlace v. Briere*, 962 A.2d 1139, 1144 (N.J. Super. Ct. App. Div. 2009).
[65] In light of the prior findings herein, the court cannot exercise supplemental jurisdiction over the state law claims absent the FDCPA claims.
[66] D.I. 13 at ¶¶ 47-52.
[67] *Id.* at ¶ 48.

9

two-week delay would be only $0.84.[68] ADP further argues § 1692k does not provide for damages if the FDCPA violation was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error,"[69] and was the result of S&B's error.[70]

McGown counters she was injured by being denied her pay for two weeks, which caused her to miss payment obligations and hastened her into bankruptcy.[71] She notes the size of damages is irrelevant if they are real and actual.[72] McGown also points out the source of the funds—Wal-Mart or herself—is irrelevant as she was harmed by the wrongful garnishment.[73] Finally, she asserts ADP failed to factually support its affirmative defense of a bona fide error, making dismissal inappropriate.[74]

On a motion to dismiss, factual disputes are irrelevant and more appropriately addressed on summary judgment. Indeed, ADP admits McGown may have sustained actual damages and merely downplays the damage amount. Further, ADP has failed to support its affirmative defense of bona fide error. Thus, ADP's argument of lack of recoverable damages is not supported.

## III.  CONCLUSION

Since ADP is not a "debt collector" within the meaning of the FDCPA, and its conduct falls within the exception of § 1692f, McGown's federal claims fail as a matter

---

[68] *Id.* at ¶¶ 49-50.
[69] *Id.* at ¶ 51.
[70] *Id.* at ¶ 52.
[71] D.I. 20 at ¶ 48.
[72] *Id.* at ¶ 50.
[73] *Id.* at ¶ 49.
[74] *Id.* at ¶¶ 51-52.

of law.  Without a federal question, supplemental jurisdiction may not be exercised on her state claims and ADP's motion to dismiss should be granted.

## IV.    ORDER & RECOMMENDED DISPOSITION

For the reasons contained herein, the court recommends ADP's motion to dismiss (D.I. 13) be GRANTED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  The objections and response to the objections are limited to ten (10) pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.

February 7, 2014          /s/ Mary Pat Thynge
                          UNITED STATES MAGISTRATE JUDGE