## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HOLLY McGOWN,                                    :
                                                 :
              Plaintiff,                          :        Case No.: 13-cv-748-RGA/MPT
                                                 :
       v.                                        :
                                                 :
SILVERMAN & BORENSTEIN, PLLC,                    :
and ADP, INC.,                                   :
                                                 :
              Defendants.                         :

### REPORT AND RECOMMENDATION

## I.    INTRODUCTION

### A.    Procedural Background

On April 29, 2013, plaintiff Holly McGown ("McGown") filed suit against

Silverman & Borenstein, PLLC, ("S&B") and ADP, Inc. ("ADP") alleging violations of the

Fair Debt Collection Practices Act ("FDCPA") and both Delaware and Colorado

common law.[1]  McGown amended the complaint on May 20, 2013 to correct ADP's

name.[2]  McGown again amended her complaint on July 23, 2013 to add New Jersey

common law claims against ADP, while withdrawing her Delaware common law claims.[3]

Both S&B and ADP filed motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6).[4]  In

---

[1] D.I. 1; *id.* at ¶ 1; *see also* D.I. 3 (correcting defendant name from "Automatic
Data Processing, Inc." to "ADP, Inc.").

[2] D.I. 3.

[3] D.I. 8.

[4] D.I. 13 (ADP's motion to dismiss dated September 27, 2013); D.I. 16 (S&B's
motion to dismiss dated October 1, 2013).

addition, ADP filed a motion for monetary and other sanctions.[5]  This Report and Recommendation only addresses ADP's motion for monetary and other sanctions.

### B.    Factual Background

McGown is a Delaware resident.[6]  S&B is a professional limited liability company with its principal office in Colorado.[7]  ADP is a payroll processor with its principal office in New Jersey.[8]  S&B performed collection work for Capital One Bank (USA) N.A. ("Capital One") and obtained a judgment for Capital One against Oscar P. Flores ("Flores") on May 17, 2007.[9]  S&B subsequently obtained a writ of garnishment against Flores which listed Flores by name, as well as a social security number that turned out to be McGown's social security number.[10]  The writ was then served upon Wal-Mart who forwarded the writ to its payroll processor, ADP.[11]  ADP matched the social security number on the writ to McGown's social security number and processed the garnishment, resulting in a $232.84 deduction from her paycheck.[12]  On March 11, 2013, prior to the deduction, McGown notified ADP of the incorrect information contained in the writ.[13]  The garnishment, however, was still processed, and the money was not returned to McGown by Wal-Mart until March 28, 2013.[14]

### C.    Legal Standard - Sanctions Under Rule 11

---

[5] D.I. 15.
[6] D.I 8 at ¶ 7.
[7] *Id.* at ¶ 9.
[8] *Id.* at ¶ 11.
[9] *Id.* at ¶¶ 21-22.
[10] *Id.* at ¶¶ 24-25, 27; D.I. 17 at 2.
[11] D.I. 8 at ¶¶ 25, 42.
[12] *Id.* at ¶¶ 42, 48 (alleging a garnishment of McGown's paycheck on March 14, 2013).
[13] *Id.* at ¶ 45; D.I. 20 at ¶ 17.
[14] *See* D.I. 8 at ¶ 52; D.I. 13 at ¶ 21; D.I. 20 at ¶ 21.

2

A court may impose sanctions on a party or counsel for violation of FED. R. CIV. P. 11(b).[15]  Under Rule 11, when filing a complaint, a party or counsel certifies:  (1) the complaint is not presented for an improper purpose; (2) the claims are warranted by existing law or an objectively reasonable argument for revision to existing law; and (3) factual contentions are supported by evidence.[16]  A complaint is brought for an improper purpose if it is intended "to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[17]  Objective reasonableness is assessed at the time of filing and imposes a duty on the attorney to conduct a reasonable pre-filing factual investigation.[18]  However, Rule 11 sanctions should only be granted under exceptional circumstances, such as where claims are patently frivolous or lack merit.[19]

### D.    Positions of the Parties

In its motion for sanctions, ADP contends:  (1) the filing is intended to harass and/or increase the litigation costs to encourage settlement;[20] (2) no basis exists for applying New Jersey law to the conversion claim and, in fact, Delaware law applies;[21] and (3) it is not a debt collector within the purview of the FDCPA.[22]  ADP argues, in addition to the above, McGown and her attorneys failed to conduct a reasonable inquiry prior to the filing and plaintiff's refusal to dismiss the suit after repeated requests

---

[15] FED. R. CIV. P. 11(c).

[16] FED. R. CIV. P. 11(b); *see also Loving v. Pirelli Cable Corp.*, 11 F. Supp. 2d 480, 486 (D. Del. 1998).

[17] FED. R. CIV. P. 11(b).

[18] *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94-95 (3d Cir. 1988).

[19] *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

[20] D.I. 15 at ¶ 12.

[21] *Id.* at ¶¶ 13-15.

[22] *Id.* at ¶¶ 16-18.

warrants the imposition of monetary and other sanctions.[23]  Specifically, ADP requests attorneys' fees, a monetary sanction for deterrence, reference of McGown's attorneys to the appropriate disciplinary body, and revocation of pro hac vice orders in this case and/or denial of any request for such an order in the future.[24]

McGown counters the complaint was not brought for an improper purpose and her attorneys forwarded a letter to ADP detailing the bases for her claims.[25]  She further indicates that investigation into ADP's operations forms the basis for the application of New Jersey law to her conversion claim since it processed the garnishment in that state.[26]  In addition, she argues the location of the conduct—New Jersey—is an appropriate factor in determining the applicable law.[27]  McGown also contends ADP is the quintessential debt collector under the broad purview of the FDCPA because it regularly processes garnishments.[28]

## II.   ANALYSIS

Rule 11 sanctions are generally disfavored unless the misconduct by the party and/or attorneys is extraordinary.  In the present case, McGown sued both S&B and ADP under the FDCPA and state common law.  Although ADP points to McGown's refusal to dismiss the action as an ground for sanctions, this argument is unavailing.  A plaintiff need not bow to pressure from a defendant, who desires to avoid litigation, for

---

[23] *Id.* at ¶¶ 19-20.

[24] *Id.* at 8.

[25] D.I. 18 at ¶ 12.  McGown also notes ADP's reference to a $14,000 settlement demand refers to a settlement for both defendants, S&B and ADP, not solely ADP, contrary to its statements. *Id.*

[26] *Id.* at ¶ 13.

[27] *Id.* at ¶¶ 14-15.

[28] *Id.* at ¶¶ 16-17.  McGown also relies on cases holding attorneys to be debt collectors under the FDCPA and likens ADP's conduct to such cases. *Id.* at ¶ 18.

fear of sanctions from the court.  Mere refusal to dismiss an action upon a defendant's request does not necessarily indicate an intent to harass or increase litigation costs. Instead, the appropriate analysis is whether McGown's and her attorneys' conduct was objectively reasonable, and whether they complied with their affirmative duty to conduct a reasonable investigation.

McGown twice amended her complaint, initially to correct a name error and later to amend the state law basis for her complaint.  Despite the fact McGown changed the basis of her conversion claim against ADP from Delaware to New Jersey law, such action is not unreasonable given her attorneys' assertion they investigated and found the conduct complained of occurred in New Jersey.  Although this represents a factual dispute between ADP and McGown, a mere factual dispute is insufficient to support the imposition of sanctions.  Her counsel's letter to ADP describing the bases for her allegations demonstrates a good faith effort to provide support for her claims and resolve the dispute with ADP amicably.[29]

Although dismissal of this matter with respect to ADP has been recommended, such finding does not indicate McGown's claims are frivolous or without support.  The mere presence of legal and factual disputes does not warrant sanctions.[30]

## III.   CONCLUSION

ADP's motion for sanctions should be denied.  ADP fails to prove McGown or her

---

[29] D.I. 18, Ex. F.  In contrast, ADP's reply brief engages in a tone that is inappropriate, and borders on vexatious.  *See* D.I. 26.  Use of such derogatory comments is not behavior the court encourages nor finds persuasive.

[30] The Advisory Committee Notes to Rule 11 (1993) provide factual disputes which may be resolved in discovery are generally insufficient to support the imposition of sanctions.

attorneys initiated this matter for an improper purpose or on baseless claims.  McGown has demonstrated to the satisfaction of the court she possessed an adequate basis, through reasonable investigation, to assert claims against ADP despite recommended dismissal of her action.

## IV.    ORDER & RECOMMENDED DISPOSITION

For the reasons contained herein, the court recommends defendants' motion for monetary and other sanctions (D.I. 15) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  The objections and response to the objections are limited to **five (5)** pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.

February 7, 2014                    /s/ Mary Pat Thynge
                                   UNITED STATES MAGISTRATE JUDGE

6