IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Holly McGown,**

                Plaintiff,

    v.

**Silverman & Borenstein, PLLC, and ADP, Inc.**

                Defendants.

Civil Action No. 13-cv-748-RGA/MPT

W. Christopher Componovo, Esq., Wilmington, Delaware, Attorney for Plaintiff.

William F. Taylor, Jr., Esq., Wilmington, Delaware, Attorney for Defendant ADP, Inc.

MEMORANDUM OPINION

April 23, 2014

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff sued two defendants – a law firm (S&B) and a payroll processor (ADP). The Defendants filed three motions – a motion to dismiss by each defendant (D.I. 13, 16) and a motion for sanctions. (D.I. 15). The Magistrate Judge has issued a Report and Recommendation for each motion. (D.I. 29-31). Plaintiff filed objections to one of the three reports, to which ADP has responded.[1] (D.I. 32, 34). The matter is now before this Court.

The Magistrate Judge had authority to make the decision in the disputed Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), which provides that "a [district] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit . . . proposed findings of fact and recommendations for the disposition . . . of any motion [including a motion for summary judgment or to dismiss for failure to state a claim upon which relief can be granted]." Such a designation was made. (Oral order, November 8, 2013). The objected-to portions of the Magistrate Judge's Report and Recommendation are subject to *de novo* review pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff asserted two claims against ADP, one under the Fair Debt Collection Practices Act ("FDCPA") and the other under New Jersey common law. (D.I. 30 at 1). ADP moved to dismiss both claims. The Magistrate Judge found that the FDCPA claims against ADP failed as a matter of law for two reasons: because the plaintiff did not allege facts that made it plausible to characterize ADP as a debt collector, and because the writ of garnishment allowed ADP to process the garnishment. (D.I. 30 at 6, 8). On the New Jersey claim, however, the Magistrate Judge found that the plaintiff had pled a plausible claim for conversion. (*Id.* at 9). The

---

[1] Since there are no objections to the other two reports, they will be adopted by the Court.

1

Magistrate Judge recommended that this Court decline to exercise supplemental jurisdiction over the state claim and grant the motion to dismiss. (*Id.* at 9, 11).

Plaintiff made two arguments in support of its objections to the Report: (1) ADP is a debt collector under federal law, and (2) the Court should exercise supplemental jurisdiction over the state claim because it stems from the same set of facts as the S&B claims. (D.I. 32 at 3, 7). Plaintiff did not object to the Magistrate Judge's determination that the writ of garnishment allowed ADP to process the garnishment. (D.I. 34 at 2). Therefore, there is no consequence to deciding Plaintiff's first objection to the Report and Recommendation, as even if I were to agree with Plaintiff's argument, the result would still be dismissal of the federal claims. Therefore, I will overrule the Plaintiff's objections to dismissal of Count III.

A federal court has supplemental jurisdiction over a state law claim when the claim "arise[s] out of a common nucleus of operative fact" with the claims over which the court has original jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). In cases with multiple parties, supplemental jurisdiction includes "claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). A federal court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). A court may use its discretion to keep or dismiss claims over which it does not have original jurisdiction. *Gibbs*, 383 U.S. at 726. When using its discretion, the court should consider "judicial economy, convenience and fairness to litigants." *Id.* It may also take into consideration "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

2

In this case, I do not have discretion to dismiss the New Jersey law claim against ADP. The federal claims against S&B remain. The state law claims against ADP arise out of the same set of facts as the federal claims against S&B. Therefore, there is supplemental jurisdiction over the state law claim against ADP. Section 1367(c)(3) does not permit the Court to exercise discretion to dismiss the state law claim against ADP, because I have not dismissed all claims over which the Court had original jurisdiction, in particular, the federal claim against S&B.[2] *See Calderon v. Burton*, 457 F.Supp.2d 480, 488 (S.D.N.Y. 2006). Therefore, ADP's motion to dismiss the state law claim will be denied.

The Court will enter a separate order.

---

[2] ADP asserts that the damages for the state law claim are less than a dollar. (D.I. 13 at 13 ¶ 50).

3